**In re KZK LIVESTOCK, INC., an Illinois corporation, Debtor.**

**Bankruptcy No. 91–82986.**

United States Bankruptcy Court, C.D. Illinois.

Nov. 24, 1992.

Richard A. Dahl, Barash, Stoerzbach & Henson, Galesburg, Ill., for debtor.

Laurie M. Judd, Douglas S. Slayton, Kavanagh, Scully, Sudow, White & Frederick, P.C., Peoria, Ill., for First Nat. Bank in Blandinsville.

Lawrence J. Kwacala, Flack, McRaven & Stephens, Macomb, Ill., for Union Nat. Bank of Macomb.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Section 303 of the Bankruptcy Code, 11 U.S.C. Section 303, governs the filing of involuntary cases. The pertinent portions involved in this case are subsection (a) and a portion of subsection (h) which provide as follows:

(a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

. . . .

(h) ... Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

(1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute;

The Debtor is indebted to the First National Bank in Blandinsville (BANK) which initiated an involuntary case against the Debtor. The Debtor initially contended it is not subject to an involuntary proceeding as (1) it is either a "farmer" or a "family farmer", and (2) it is generally paying its debts as they become due.

The BANK filed a motion for summary judgment. At the hearing on the motion, the Debtor acknowledged it is not paying its debts as they become due. So the only issues before the Court are whether the Debtor is a "farmer" or a "family farmer". It is the Debtor's position that if it falls within either definition, an involuntary proceeding may not be brought against it. The BANK does not contest the Debtor's premise, but contends the Debtor does not come within either definition.

The first issue before the Court is whether the Debtor is a "farmer" as that term is defined by Section 101(20) of the Bankruptcy Code, which reads as follows:

(20) "farmer" means (except when such term appears in the term "family farmer") person that received more than 80 percent of such person's gross income during the taxable year of such person immediately preceding the taxable year of such person during which the case under this title concerning such person was commenced from a farming operation owned or operated by such person;

11 U.S.C. Section 101(20).

The Debtor was incorporated as an Illinois corporation on January 29, 1991, to raise feeder pigs. Prior to incorporation, Kendall Knowles, its sole shareholder, officer, and director, conducted the same business as an individual. The involuntary proceeding was filed on December 27, 1991. The BANK asks the Court to apply a mechanical test and hold that as the Debtor was not in existence and had no gross income in 1990, the year preceding the year of the filing, the Debtor cannot meet the test under Section 101(20). The Debtor argues that Kendall Knowles was farming in 1990 and it is fundamentally unfair to distinguish between farmers who have farmed more than one year from farmers who have farmed less than one year, and if so read it has been denied equal protection of the laws under the fourteenth and fifth amendments of the United States Constitution.

Both before and after incorporation, Kendall Knowles conducted the same business in the same fashion. The only difference was the legal entity he selected to do business. Prior to January 29, 1991, he conducted it as an individual and after that date as a corporation. Absent any evidence or argument directed to his individual tax return for 1990, attached as an ex-

hibit to his deposition filed in this case, an analysis of that return indicates that individually he would fall within the definition of a "farmer".

The parties have not cited, nor has this Court discovered a case dealing with the issue of eligibility of a first-year farmer. In this Court's view, however, the form that a farmer elects to do business in, whether as a sole proprietorship, partnership, or corporation, cannot defeat the legislative aim of Section 303. Farmers have traditionally been excluded from involuntary bankruptcies because of the cyclical nature of their business. *Matter of Armstrong*, 812 F.2d 1024 (7th Cir.1987). While the tests for determining who is a farmer have evolved from a "mud on the boots" test to a more mechanical income derivation test, the essence of the exclusion remains much the same. *In re Blanton Smith Corp.* 7 B.R. 410 (Bkrtcy.M.D.Tenn. 1980). The definitions of "farmer" and "farming operation" have been broadly construed. *See Blanton Smith, supra; Matter of Armstrong, supra.*

As the following examples disclose, recognition has long been given in the tax law to the principle that a mere change in the form of conducting a trade or business will be recognized as such as long as the transferee trade or business continues in substantially the same form. A notable example is Section 47(b) of the Internal Revenue Code which provides an exception to the recapture provisions when property which was the basis of prior investment credit is disposed of by a mere change in the form of conducting the trade or business. In *Baker v. United States*, 398 F.Supp. 1143 (W.D.Texas 1975), the court, in ruling upon the issue of recapture of investment credit, discussed the test for determining whether a mere change in the form of conducting business has occurred and held that the essential inquiry is whether there is an unimpaired continuity of the essential business enterprise in a new form and whether the former owners of proprietary interest continue as such. There is an exception to the general rule that an "exchange" of stock is taxed, and no tax is imposed where the corporate reorganization is a mere change in identity, form or place of organization. I.R.C. Section 368(a)(1). Under Revenue Ruling 66–62, a change in the operation of a business from a corporate form to an unincorporated form, which does not materially alter the business or the interest of the estate in the business, does not invoke application of Section 6166(h)(1)(A) of the Internal Revenue Code so as to cause a termination of the installment privilege. The creation of a corporation by the decedent's administrators and heirs would not accelerate the payment of federal estate tax under Section 6166(g) of the special use valuation provisions of the Internal Revenue Code. Private Ruling 8617026.

■ Turning now to the statutory definition of farmer, this Court first notes that the Bankruptcy Code defines "person" to include individuals, partnerships and corporations. A "farmer" is then defined as a "person" that received more than 80 percent of "such person's" gross income during the preceding year from a farming operation owned or operated by such person. The issue is whether, under the statutory definitions, and the "continuity of interest" rule discussed above, this Court can consider the farming income of Kendall Knowles in 1990, as attributable to the Debtor, a corporation. Though the Debtor and Kendall Knowles are undeniably separate legal entities, distinct taxpayers and different "persons", it is not disputed that the same business was being carried on with the same assets. Because courts have concluded that Congress intended the term "gross income" be used in its tax sense, this Court finds it would be inappropriate to disregard the "continuity of interest" principle which is so well-recognized in tax law. *See Matter of Wagner*, 808 F.2d 542 (7th Cir.1986). As noted, the purpose of Section 303 of the Bankruptcy Code is to provide a safe harbor for the farmers who are caught in a risk-ridden enterprise. *Matter of Armstrong, supra.* A farmer who has merely changed the form that it is doing business in should not lose the protection of Section 303. This Court does not

believe that Congress intended such a result.

The second issue before the Court is whether the Debtor is a "family farmer" as that term is defined by Section 101(18)(A) of the Bankruptcy Code, which reads as follows:

(18) "family farmer" means—

(A) individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed;

11 U.S.C. Section 101(18)(A). The BANK argues that the Debtor fails to meet the 80% farm debt test. In support of its position it relies on the fact the Debtor's total debts are $1,135,000.00, and the debt to it of $620,000.00 and the debt to the Union National Bank of Macomb in the amount of $210,000.00 arose from losses incurred while speculating in hog, cattle and grain futures and kiting checks at the two banks to cover those losses. The Debtor does not contest that it had losses from speculating and that it was engaged in check kiting, but argues that it had farming expense included in the debt to the two banks and that the record does not reveal which losses are attributable to farming operations or to the speculation.

A review of the file and the briefs indicates that a factual issue exists regarding whether 80% of the debt arises from the farming operation, which cannot be resolved by the motion for summary judgment.

For these reasons, the BANK's Motion for Summary Judgment should be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.